

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-15-2005

# Solin v. Riverton Bor Bd Ed

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2689

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Solin v. Riverton Bor Bd Ed" (2005). *2005 Decisions.* Paper 702.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/702

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 04-2689

MICHAEL SOLIN, by and
through his parents and
attorneys-in-fact;
BARRY SOLIN; PATRICIA SOLIN

v.

RIVERTON BOROUGH BOARD OF EDUCATION;
PALMYRA BOROUGH BOARD OF EDUCATION

Riverton Borough
Board of Education,

Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 04-cv-00147)
District Judge: Joseph E. Irenas

Submitted Under Third Circuit LAR 34.1(a)
on June 28, 2005

Before: ROTH, RENDELL and BARRY, Circuit Judges

(Opinion filed:   August 15, 2005)

ROTH, Circuit Judge:

B.S. on behalf of M.S. brought an action against the Palmyra Borough Board of Education and the Riverton Borough Board of Education (the School Boards) seeking relief under the Individuals with Disabilities Education Act (IDEA) in the form of payment by the School Boards for the expenses associated with M.S.'s education at a private school. State administrative review of M.S.'s claim by a state administrative law judge (ALJ) awarded M.S. some of the relief he sought. Seeking further relief under the IDEA, M.S. brought an action in federal district court. Although district court proceedings have yet to conclude, the District Court awarded M.S. part of the relief sought: the District Court ordered the School Boards to continue payments to M.S.'s private school during the pendency of this litigation. This is the so-called "stay-put" order. The School Boards have complied with the stay-put order, but the School Board of Riverton has sought an interlocutory appeal in an effort to recoup funds already expended in compliance with the District Court's order. M.S. has since graduated. For the reasons we explain below, the School Board's appeal is dismissed for lack of appellate jurisdiction.

**Factual Background and Procedural History**

As the facts are well known to the parties, we give only a brief description of the facts and procedural posture of the case.

M.S. attended the TLC school in Connecticut during 2002-2003. His placement there was a decision of a "child study team." Apparently, this assessment was an individualized education program as set out in the IDEA. The School Boards sought to have M.S. graduate in June 2003, but his parents (who initiated litigation) sought an additional year for M.S. at TLC. M.S. was granted interim relief in a June 30, 2003, order issued by the ALJ. Due process hearings were held and the ALJ issued a final order on December 16, 2003. The ALJ's final order awarded M.S. placement at TLC through the fall 2003 semester, but thereafter M.S. could finish his last remaining course -- physics -- at public school, thereby terminating the School Boards' financial obligation for continuing costs at TLC. M.S. appealed the ALJ's order by bringing a federal district court action on January 14, 2004. The School Board of Riverton brought a counterclaim. On May 10, 2004, the District Court issued a stay-put order, maintaining the then current educational placement at TLC and assigning the costs of M.S.'s education at TLC incurred during the pendency of the litigation to the School Boards. In prior briefing before the District Court, the School Board of Riverton took the position that its financial straits would justify the District Court in denying M.S. the stay-put order sought by M.S. The District Court rejected this argument. Litigation on the merits of the claims and

3

counterclaims continue even now before the District Court. Notwithstanding continuing District Court proceedings, the School Board filed its notice of appeal on June 10, 2004, seeking interlocutory relief with regard to the District Court's stay-put order. M.S. graduated in June 2004.

### Standard of Review and Jurisdiction

As we deny the School Board all relief for lack of appellate jurisdiction, we do not review any of the findings or proceedings of the District Court. Our authority to determine the extent of our own jurisdiction is plenary.

The District Court had jurisdiction under 28 U.S.C. § 1331 and IDEA, 20 U.S.C. §§ 1400 et seq. The School Board argues that (interlocutory) appellate jurisdiction exists under the collateral order doctrine and cite this court's holding in Susquenita School District v. Raelee S., 96 F.3d 78, 81 n.4 (3d Cir. 1996) as support.

We distinguish the facts of Susquenita from the case before us. In Susquenita, the District Court, per the IDEA, ordered that Raelee S. be permitted to continue her education in the private school she had been attending and ordered the school district to make payments against prospective costs. See Susquenita, 96 F.3d at 81 & n.3. Additionally, the District Court ordered the school district to reimburse Raelee S. for costs already incurred during 1994-1995 term, which was ninth grade for Raelee S. The District Court's order was filed in 1995. Appeal was taken and we announced our decision in 1996 – finding jurisdiction under the collateral order doctrine. Id. at 81 n.4.

4

At that time, Raelee S. would have just started eleventh grade. In other words, both Raelee S.'s suit on the merits (still before the District Court in 1996) and the *continuing* obligation of the school district to make further or prospective payments under the order from which the interlocutory appeal was taken remained live controversies. Had the school district been denied interlocutory review until the District Court issued its final order on the merits of the IDEA action, the school district's ability to legally test the validity of the stay-put order and to avoid the concomitant and *continuing* financial obligations would have been impossible. Appellate review at the termination of all district court proceedings might impair the school district's ability to recoup some or all of the funds it continued to expend in compliance with the stay-put order. Interlocutory review had the potential of avoiding this result precisely because Raelee S. was still in school.

In the instant litigation, M.S. has already graduated. There is no live controversy with regard to Riverton and Palmyra's *continuing* financial obligations under the stay-put order. M.S.'s claim for prospective relief is moot.

### Conclusion

For the reasons stated above, the School Board's appeal is dismissed for lack of jurisdiction.